# Windolph *v.* Adams Express Company, Appellant.

*Carriers—Common carriers—Limitation of amount of liability—Interstate commerce.*

The Pennsylvania rule that a common carrier cannot contract for exemption from, or limitation of liability arising from his negligence or that of his servant, is applicable to commerce between Pennsylvania and other states, and the contrary rule permitting a limitation of liability applied by the federal courts is not binding upon the courts of this state in the absence of congressional action upon the subject.

Argued Oct. 5, 1911. Appeal, No. 241, Oct. T., 1910, by defendant, from order of C. P. No. 4, Phila. Co., March Term, 1909, No. 2,274, making absolute rule for judgment for want of a sufficient affidavit of defense in case of William H. Windolph to the use of Leon Weiner and Isaac Garson, trading as Weiner & Garson, v. Adams Express

Company.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*John Lewis Evans* and *Thomas DeWitt Cuyler*, for appellant.

PER CURIAM, November 13, 1911:

It is conceded by appellant's counsel that the questions raised by this appeal, as will appear from the assignments of error and the statement of the questions involved, have all been decided adversely to their contention in the case of Wright v. Adams Express Co., 43 Pa. Superior Ct. 40, which was affirmed by the Supreme Court in an opinion reported in 230 Pa. 635.   They suggest, however, that that case is now pending in the United States supreme court on writ of error, and they propound the question whether this appeal should be disposed of pending a decision of the points involved by the United States supreme court. They further suggest that there are many cases now pending in the courts of Philadelphia county, and we assume there are others in other courts, raising the same questions.   It is not stated, however, nor can it be with certainty, when the writ of error in the supreme court of the United States will be heard and disposed of, and under the circumstances we are not convinced that we ought to delay the decision of this case until that time.

The judgment is affirmed.